UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FH PARTNERS LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-82 CAN |
| | ) | |
| CAJBIN LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

**I.   INTRODUCTION**

On February 3, 2009, the Plaintiff's, FH Partner's LLC ("FH Partners"), filed this lawsuit seeking to foreclose its mortgage on the Defendants' real estate and to obtain a judgment against the Defendants for a promissory note and personal guarantees of the underlying debt. The United States Small Business Administration ("SBA") also seeks to foreclose its mortgage and obtain a judgment against the Defendants for a promissory note and personal guarantees that the SBA admits are secondary in priority to FH Partners' debt instruments.

FH Partners and the SBA have now filed motions for summary judgment. Because no Defendant has responded to the SBA's motion for summary judgment, its unopposed motion will be **GRANTED**.

Similarly, the Defendants do not dispute that they are in default of the terms of FH Partners promissory note. Instead, they argue that a second promissory note was executed which supercedes the first. If so, any new terms may have the effect of releasing the personal guarantees of some Defendants.

1

Because there is no dispute that the Defendants are in default of the terms of the original promissory note, the only issues this Court must decide is whether there was a second promissory note which superceded the first and whether one Defendant, Jayanti, was released from his personal guarantee.

For the reasons that follow, this Court concludes that the terms of the original promissory note remain in full force and effect and unchanged by any attempts to amend them.

This Court may now enter its ruling on all pending matters pursuant to the parties' consent and 28 U.S.C. § 636(c).

## II. ANALYSIS

### A. Facts

The following facts are taken from the parties' briefs and are largely undisputed for the purposes of the motions. On May 7, 1999, Cajbin executed a term promissory note ("original note") in favor of Old Kent Bank in the principle sum of $2,220,000. Pursuant to the same loan agreement, on the same day, Defendants Indukumar Amin ("Indukumar") and Kokila Amin ("Kokila") additionally executed an unconditional guaranty to pay Cajbin's debt under the original note. Similarly, Defendant, Jayanti Patel ("Jayanti") executed a limited guaranty to pay $250,000 of Cajbin's debt under the original note. On the same day, Cajbin purchased real property and executed a real estate mortgage, providing a real estate lien in favor of Old Kent Bank. On June 4, 1999, the mortgage was duly recorded with the St. Joseph County Recorder. On June 2, 2006, the original note was assigned to FH Partners. Thereafter, on December 12, 2008, Cajbin executed another real estate mortgage, providing a mortgage lien on the same real

property to FH Partners. On December 30, 2008, this mortgage was duly recorded with the St. Joseph County Recorder.

On April 27, 2000, Cajbin executed a second promissory note to Indiana Statewide Certified Development Corporation in the principal sum of $848,000. Pursuant to the making of that loan, Defendants Indukumar and Kokila executed a certain guaranty. On April 27, 2000, Cajbin executed a mortgage on the same real estate, providing a real estate lien in favor of Indiana Statewide Certified Development Corporation. On April 28, 2000, the second mortgage was duly recorded with the St. Joseph County Recorder. The SBA is the holder of both the second promissory note and the second mortgage by virtue of the assignment.

On February 8, 2006, Cajbin filed for bankruptcy. On January 26, 2007, consistent with the approved bankruptcy reorganization plan, FH Partners' counsel sent a letter and a new promissory note and mortgage to Cajbin's counsel, requesting that the documents be executed, notarized, and delivered back to FH Partners. FH Partners asserts that, thereafter, Cajbin refused to sign the documents and failed to deliver them back to FH Partners. FH Partners argues that because Cajbin did not execute the new promissory note and mortgage, the original note and mortgage, under the reorganization plan, were still valid and enforceable. In contrast, Indukumar claims that he signed the proposed note, two months later but he does not respond, however, to FH Partners' argument that the new promissory note was never notarized or witnessed and was never delivered to FH Partners.

On January 21, 2009, FH Partners notified Defendants Cajbin, Indukumar, Kokila, and Jayanti that they had failed to meet their obligations under the original note by failing to pay

3

amounts due. As such, FH Partners indicated that it considered the Defendants to be in default and noted that FH Partners intended to pursue the full and immediate payment of the debt.

On February 3, 2009, FH Partners brought this action to foreclose on the mortgaged real property and to seek judgment on each of the personal guarantees. FH Partners asserts that, as of July 21, 2009, Cajbin's indebtedness to FH Partners totaled $1,027,045.29 plus interest and reasonable attorney fees. Similarly, on April 15, 2009, the SBA filed a cross-claim to obtain payment on the debt owed by Cajbin under the second promissory note and second guaranty. The SBA asserts that, as of September 9, 2009, Cajbin's indebtedness to the SBA totaled $552,702.56, plus interest. The SBA does not contest the priority of FH Partners' mortgage, which was recorded first. However, the SBA seeks recognition of its second priority mortgage and its one year right of redemption from any sale proceeds, under 28 U.S.C. § 2410(c). Both parties seek a foreclosure judgment in their favor, a foreclosure sale of the real property, and the proceeds applied to the judgments in order of priority.

B.   Standard of Review

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party as well to draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for

4

summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the non-moving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 289 (1968)).

C. Summary Judgment Motions

FH Partners and the SBA contend that Defendants Cajbin, Indukumar, Kokila and Jayanti ("the Defendants") are in default of the promissory notes and personal guarantees for failure to pay as required by the documents. As such, they seek summary judgment to establish that their respective mortgages are valid and enforceable, that the Defendants are in default of their obligations under the mortgage and promissory notes, and to, therefore, enforce the terms of the agreements by foreclosing on the property. The parties seek to foreclose on the subject real property via Indiana statutory provisions and the express terms of the notes.

In response, the Defendants do not contest that they are in default of the terms of FH Partners' original note or the terms of the SBA's secondary note. Indeed, the Defendants do not respond at all to the SBA's motion for summary judgment. The Defendants also do not dispute FH Partners' contention that they can not establish their counterclaim under the facts of this case.

Instead, the Defendants Cajbin, Indukumar, and Kokila argue that FH Partners is seeking to enforce the wrong debt instrument. In support, the Defendants contend that the proposed

promissory note, submitted to them in January 2007 following approval of the reorganization plan, served to extinguish both the original promissory note and the Defendants individual guarantees to the original promissory note. In addition, Jayanti separately argues that, because he was not privy to the proposed promissory note in January 2007 and because the new promissory note caused a material alteration to his underlying obligation on the original note, he was discharged from his obligation under his limited personal guarantee.

1. <u>Enforceability of the Original Promissory Note</u>

The Defendants contend that a new promissory note, submitted to the Defendants in January of 2007, after the bankruptcy reorganization plan was approved extinguished the original note on which FH Partners bases its claims. In addition, the Defendants Indukumar and Kokila argue that the proposed promissory note also extinguished their personal guarantees to the original note as they did not sign new guarantees for the proposed note. The Defendants' arguments are unpersuasive.

The January 2007 promissory note was never properly negotiated and that, therefore, the proposed promissory note is not enforceable and did not replace the original note. As FH Partners notes and the Defendants do not contest, the Defendants never returned the signed proffered promissory note to FH Partners. This undisputed fact is fatal to the Defendant's argument.

Under Indiana law, in order to have an enforceable negotiable instrument, there must be a valid negotiation. I.C. § 26-1-3.1-201. A valid negotiation is a two step process which requires the endorsement and the delivery of the instrument. Id. Although the Defendants assert that the proposed promissory note was signed by Indukumar and, therefore, validly executed, the

Defendants do not offer any evidence to establish that the note was ever returned to FH Partners. As such, this Court agrees that the proposed note did not meet the requirements of I.C. § 26-1-3.1-201 and was therefore never properly negotiated between the parties. As such, it is not an enforceable negotiable instrument.

The Defendants also attempt to argue that the failed attempt to renegotiate the promissory note amounted to a novation. However, that argument also fails for to have a novation there must be a valid new contract which extinguishes the old contract. See White Truck Sales of Indianapolis, Inc. v. Shelby National Bank of Shelbyville, 420 N.E.2d 1266, 1271 (Ind. Ct. App. 1981). Because there was no new contract between the parties, there obviously could be no novation. The Defendants do not dispute that they failed to have the signature witnessed and notorized and failed to return the signed document as FH Partners required. See Doc. No. 6-4 at 2. As a result, the Defendants failed to complete the necessary conditions of the proposed new promissory note. The Defendants' failure to comply with FH Partners' preconditions for the new note precluded the formation of a new contract and can not amount to a novation of the original contractual obligations between the parties.

2. Jayanti's obligation under the Limited Guarantee

Jayanti separately argues that, because he was not privy to the creation of the proposed promissory note in January 2007 and because the new promissory note caused a material alteration to his underlying obligation without his consent, he was discharged from his obligation under his limited personal guarantee. Because this Court has already determined that the proposed promissory note in January 2007 was never validly negotiated and failed to affect a

novation upon the original contract, this Court also concludes that the proposed promissory note did nothing to disrupt Jayanti's obligation under his limited guarantee.

Jayanti also argues that he was released from his obligation under the limited guarantee after two years, pursuant to a letter from Old Kent Bank explaining his obligation under the limited guarantee. The letter, submitted in support of Jayanti's motion, was sent from Old Kent Bank to all the Defendants contemporaneously with the contract language of Jayanti's limited guarantee in March of 1999. The paragraph of the letter cited by Jayanti states in relevant part, "Jayanti Patel <u>will</u> <u>be</u> <u>considered</u> <u>for</u> <u>release</u> of this guarantee after two consecutive years of CAJBIN meeting its covenant requirements." Doc. No. 48 at 8 (emphasis added).

Jayanti alleges that, two years after he had signed his limited guarantee, he contacted the vice president of Old Kent Bank to discuss the termination of his obligation under the limited guarantee, once by phone and once by letter. In support of his motion for summary judgment, Jayanti submitted a copy of the letter which states,

> I just wanted to follow up on my conversation with you concerning the $250,000.00 personal guarantee I signed for the Airport Days Inn & Suites. As I mentioned in my conversation with you, my two year commitment ended last month. It has been two weeks and as of the above date I have not received a letter or release from Old Kent Bank. If I do not hear from you by the end of this month, I will assume that I am no longer liable for the guarantee.

Doc. No. 48 at 10. Because Old Kent Bank never responded to his letter, Jayanti argues that his obligation under the limited guarantee was extinguished in June of 2001.

In Indiana, the interpretation and construction of contract provisions is a function for the courts. <u>Klitz v. Klitz</u>, 708 N.E.2d 600, 602 (Ind. Ct. App. 1999). In interpreting an unambiguous contract, a court gives effect to the parties' intentions as expressed in the four corners of the document. <u>Noble Roman's, Inc. v. Pizza Boxes, Inc.</u>, 835 N.E.2d 1094, 1098 (Ind. Ct. App.

8

2005). Unless the terms of a contract are ambiguous, they will be given their plain and ordinary meaning. Id. Whether a contract is ambiguous is a question of law. W. Ohio Pizza, Inc. v. Clark Oil & Refining Corp., 704 N.E.2d 1086, 1091 (Ind. Ct. App. 1999). Where the terms of a contract are clear and unambiguous, they are conclusive and a court will not construe the contract or consider extrinsic evidence. Eckart v. Davis, 631 N.E.2d 494, 497 (Ind. Ct. App. 1994). A contract is not ambiguous merely because the parties disagree about the proper interpretation of its terms. Arrotin Plastic Materials of Ind. v. Wilmington Paper Corp., 865 N.E.2d 1039, 1041 (Ind. Ct. App. 2007). In fact, a contract is only ambiguous where a reasonable person could find that its terms are susceptible to more than one interpretation. Id.

The parties do not dispute the validity of Old Kent Bank's letter or its application in interpreting the obligations under Jayanti's limited guarantee. However, Jayanti can not seriously argue that his unilateral action can relieve himself from his liability in the personal guarantee. The clear and unambiguous terms of Old Kent's letter is that Jayanti ". . .will be considered for release . . ." after two years. It does not say Jayanti will be released. All Old Kent promised was to consider him for release. Jayanti's assumption that if he fails to hear from the Bank by the end of the month, he will assume he has been released from his guarantee is not based upon law. Jayanti can not unilaterally modify the terms of his personal guarantee. And the evidence Jayanti offers is simply insufficient to show that Old Kent Bank released him from his personal guarantee.

## IV. CONCLUSION

For the aforementioned reasons, this Court now **GRANTS** FH Partners' motion for summary judgment. [Doc. No. 36]. FH Partners holds a valid and enforceable first priority

mortgage lien on the subject real property. In addition, FH Partners is entitled to judgment against Defendants Cajbin on the original promissory note and against Indukumar and Kokila and Jayanti on their personal guarantees of the mortgage debt. As such, FH Partners is entitled to a foreclosure sale of the subject real property, the proceeds of which are to be paid to FH Partners in satisfaction of this judgment and in the order of priority.

Similarly, this Court now **GRANTS** the SBA's motion for summary judgment. [Doc. No. 40]. The SBA holds a valid and enforceable second priority mortgage lien on the subject real property. In addition, the SBA is entitled to judgment against Defendants Cajbin on the second promissory note and against Indukumar and Kokila on their personal guarantees of that mortgage debt. As such, the SBA is entitled to a foreclosure sale of the subject real property, the proceeds of which are to be paid to the SBA in satisfaction of this judgment and in the order of priority.

In addition, having concluded that FH Partners has brought its claim upon the proper debt instrument, this Court **DENIES** Cajbin's motion to vacate this Court's prior order to appoint a receiver. [Doc. No. 51].

Further, this Court now **DENIES** Jayanti's cross motion for summary judgment. [Doc. No. 56]. Similarly, this Court **DENIES** Jayanti's motion for judgment on the pleadings. [Doc. No. 57].

Finally, this Court **ORDERS** FH Partners and the SBA to submit proposed forms of judgment regarding the underlying debt obligations of their respective mortgages and guarantees. In addition, FH Partners and the SBA are awarded costs and attorneys fees. Accordingly, FH Partners and the SBA are permitted to submit bills of costs and attorneys fees. The forms of

judgment, the bills of costs, and the affidavits in support of attorneys fees are due by **December 18, 2009**. The Defendants are afforded until **January 6, 2010** to file any objections.

**SO ORDERED**.

Dated this 20th Day of November, 2009.

 S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge